STATE v. BERT GREEN.[1]

May 28, 1926.

No. 24,051.

**Denial of new trial sustained.**

Record examined and *held*:

(a) Evidence sustains the verdict.

(b) Order denying a motion for a new trial on ground of newly discovered evidence cannot be disturbed because:

(1) The new evidence was cumulative.

(2) The conflicting affidavits presented a question of fact.

(3) Matter largely in discretion of trial court and record fails to disclose any violation of a clear legal right or an abuse of discretion.

[1]Reported in 209 N. W. 30.

Criminal Law, 16 C. J. p. 1119 n. 34; p. 1199 n. 56; p. 1247 n. 45, 46; p. 1248 n. 59.

---

See 20 R. C. L. pp. 226 et seq; 3 R. C. L. Supp. p. 1046; 4 R. C. L. Supp. p. 1347; 5 R. C. L. Supp. p. 1091.

Defendant appealed from orders, Baldwin, J., denying his motions for a new trial after conviction in the district court for Hennepin county of receiving stolen property. Affirmed.

*William M. Nash* and *Chester L. Nichols*, for appellant.

*Clifford L. Hilton*, Attorney General, and *Floyd B. Olson*, County Attorney, for respondent.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new trial. The case was remanded to permit defendant to further move for a new trial on the ground of newly discovered evidence. This motion was denied and defendant also appealed therefrom. He was convicted of knowingly and feloniously buying and receiving a stolen automobile. A careful examination of the entire record convinces us that the evidence was sufficient to sustain the verdict. There is no beneficial purpose which requires a statement of the evidence.

Upon the trial defendant testified that he told officers Lindholm and Berry that he believed the car, then in his possession, had been stolen. The two officers testified to the contrary. In the motion for a new trial on the ground of newly discovered evidence defendant presented affidavits of one Cuddington and one Bray who said that they were present and heard defendant make the statement above mentioned to the two officers. The state filed counter affidavits of the officers again denying that the statement was made to them. Defendant's affidavits say that defendant 'phoned to the police department and asked that Lindholm and Berry be sent to his place of business to look at two Ford coupes which he believed had been stolen. There is no denial of this but defendant testified to this effect in substance on the trial.

There are three reasons why appellant cannot prevail on this appeal: (1) the newly discovered evidence is cumulative; (2) the affi-

davits presented a question of fact for the determination of the trial court as to whether defendant had in fact made the statement to the two officers which they deny; and (3) the matter of granting a new trial on the ground of newly discovered evidence is addressed largely to the discretion of the trial court and the record fails to disclose any violation of a clear legal right or an abuse of discretion. Dun. Dig. § 7125.

Affirmed.